43 F.3d 1474
 17 O.S.H. Cas. (BNA) 1001, 1995 O.S.H.D. (CCH)
P 30,700
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
RAWSON CONTRACTORS, INCORPORATED, Petitioner,
v.
Robert REICH, Secretary of Labor, and Occupational Safety
and Health Administration, Respondents.
 No. 94-2120.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 8, 1994.
Decided Dec. 13, 1994.
 
 Before COFFIN,* CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order of the Occupational Safety and Health Review Commission ("Commission") affirming a citation against petitioner Rawson Contractors, Inc. for failing properly to protect employees from cave-ins while laying pipe from a water main to a hydrant. On June 2, 1993, the Occupational Safety and Health Administration ("OSHA") conducted an inspection of the Delafield, Wisconsin, work site where Rawson was engaged in water and sewer construction. As a result an OSHA inspector issued a citation under the Occupational Safety and Health Act of 1970, 29 U.S.C. Sec. 651 et seq. ("OSH Act"), alleging a violation of 29 CFR Sec. 1926.652(a)(1), with a proposed penalty of $1,250. Rawson contested the citation before the Commission but effective May 2, 1994, an Administrative Law Judge ("ALJ") of the Commission issued a decision affirming the penalty and citation.[1]
 
 
 2
 The regulation in question, 29 CFR Sec. 1926.652, requires an employer to protect each employee in an excavation from cave-ins by an adequate protecting system except when the excavations are made entirely in stable rock, are less than 5 feet deep, and examination of the ground by a competent person provides no indication of a potential cave-in. 29 CFR 1926.652(a)(1). Employers may elect either a sloping system, in which the sides of the excavation are "sloped" or "benched"[2] at appropriate levels to prevent cave-ins, or a support system, in which structural devices are installed either to prevent cave-ins or to withstand cave-in forces and thereby protect employees working within the excavation.
 
 
 3
 According to the citation, Rawson violated the regulation in the following manner:
 
 
 4
 29 CFR 1926.652(a)(1): Each employee in an excavation was not protected from cave-ins by an adequate protective system designed in accordance with 29 CFR 1926.652(c). The employer had not complied with the provisions of 29 CFR 1926.652(b)(1)(i) in that the excavation was sloped at an angle steeper than one and one-half horizontal to one vertical (34 degrees measured from the horizontal):
 
 
 5
 (a) Employees, installing a fire hydrant in an excavation which was greater than eight feet in depth in previously excavated soils, were not protected from a potential collapse of the walls of the excavation by shoring or sloping. (App. 103.)
 
 Discussion
 A.
 
 6
 On the date of the inspection, two Rawson employees were installing a fire hydrant in a trench on Sun Valley Drive in Delafield. The trench, which had been excavated by a backhoe that remained parked on Sun Valley Drive, was 8 feet deep, 12 to 14 feet long, and narrowed from 6 feet wide at the water main to 3 feet at the back bank. The trench, admittedly dug in Type B soils,[3] was sloped at an angle greater than one-half horizontal to one vertical and was not shored (App. 103). A two-foot-wide section of pavement extended at least one foot over the northeast corner of the trench where the men were working. Traffic vibrations on Sun Valley Drive and adjacent routes increased the danger that the trench might collapse.
 
 
 7
 Evidence of these conditions exists on a ten-second videotape made by the investigating OSHA compliance officer at Rawson's Delafield construction site on June 2, 1993, played at slow motion during the hearing and discussed by Rawson's foreman and the compliance officer.
 
 
 8
 Rawson does not contest the facts showing that the employees were not protected from the potential collapse of the walls of the excavation by shoring or sloping. The foreman gave several reasons for sending the two men into the unshored and unsloped trench. He claimed that the slope of the trench prevented the use of prefabricated shoring, that wood shoring would require risky adjustments, and that the space was too small for a shield. He admitted that sloping toward the north and east of the trench was possible but contended that plates would have to be installed over the excavated area for vehicles to drive on, and that Rawson's contract precluded such a course of action.
 
 
 9
 Rawson argued that the admitted violation should be excused because it was safer for the employees to spend a few minutes in the unshored, unsloped trench than to spend a longer period of time installing shoring. This "greater hazard" defense required Rawson to prove that (1) the hazards of compliance exceeded the hazards of noncompliance, (2) alternative means of protecting employees were unavailable, and (3) a variance was unavailable or inappropriate. Modern Drop Forge Co. v. Secretary of Labor, 683 F.2d 1105, 1116 (7th Cir.1982). The ALJ rejected Rawson's greater hazard defense on the ground that the company could have complied by sloping, and Rawson's foreman admitted it would have been possible--although apparently not within the dictates of the company's construction contract--to slope the trench in accordance with the OSH Act. See id. (if company could have used other methods of compliance, defense of greater hazard is not available). The ALJ rejected the contractual defense on the ground that Rawson should not have accepted terms that prevented the use of required safety procedures. He therefore assessed a $1,250 penalty, noting that the possibility of a cave-in was increased by the nearby heavy vehicle traffic and by the unsupported pavement extending at least one foot over the trench.
 
 B.
 
 10
 Rawson has petitioned us to review the Commission's final order pursuant to 29 U.S.C. Sec. 660(a). The Commission's findings of fact are conclusive if supported by substantial evidence (29 U.S.C. Sec. 660(a)) and its legal conclusions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2), incorporated in 29 U.S.C. Sec. 660(a); Bancker Construction Corp. v. Reich, 31 F.2d 32, 34 (2d Cir.1994).
 
 
 11
 It is uncontested that Rawson's employees worked in a trench that was in a violative condition. Vehicular traffic, including heavy construction equipment, increased the risk of a cave-in, but nevertheless Rawson provided no protective system to its employees. The unsupported pavement extending at least one foot over the trench further increased the likelihood of serious harm from a cave-in.
 
 
 12
 Rawson's reliance on the greater hazard defense, available in cases where compliance would be more hazardous than non-compliance, is unwarranted in this case. Rawson has repeatedly conceded that sloping at least part (and probably all, if the contract limitations are not to be heeded) of the trench would have been feasible, and has completely failed to show that sloping would have presented more hazards than not using any protective system. Rawson also did not apply for a variance and failed to show that such a variance would have been inappropriate or unavailable. This further undermines their greater hazard defense. Brock v. L.R. Willson & Sons, Inc., 773 F.2d 1377, 1389 n. 13 (D.C.Cir.1985).
 
 The Commission's order is affirmed.[4]
 
 
 *
 The Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit is sitting by designation
 
 
 [1]
 Since the Commission did not direct the ALJ's decision for its review, it became final on May 2, 1994 (App. 107)
 
 
 [2]
 "Benching" means cutting steps or ledges in e.g. an embankment
 
 
 [3]
 Type B soils are less stable than Type A soils (App. 110)
 
 
 [4]
 While Rawson contested the $1,250 penalty before the Commission, the appropriateness of the penalty has not been argued before us